## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, | ) | **RECONSIDER ORDER OF** |
| | ) | **DETENTION** |
| vs. | ) | |
| | ) | |
| | ) | |
| Amber Emilia Ruiz, | ) | Case No.:  1:19-cr-211 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Reconsider Order of Detention. (Doc. No. 52). After her first detention hearing in November 2019, Defendant was ordered released pending trial, but this release was revoked on June 16, 2020 after a petition was filed and a detention hearing was held.  See Doc. Nos. 19, 34, 42. Shortly thereafter, she was released for treatment at Heartview Foundation. (Doc. No. 44). After her treatment was completed, she returned to detention.

Now, Defendant asks the Court to reconsider its prior detention order and release her to her friend's home in Bismarck pending her change of plea and sentencing hearings which are currently set for February 9, 2021. (Doc. No. 51). Defendant advises her intent to complete the aftercare phase of her treatment while on release and states that she will comply with any release conditions.

The United States filed a response in opposition on November 18, 2020. (Doc. No. 57). Citing its consultation with Defendant's pretrial services officer, the United States argues that Defendant performed poorly on her previous release and expresses its belief that Defendant needs more structure than a private residence.

1

The Court appreciates Defendant's completion of treatment at Heartview and her interest in further treatment. While mindful of the concerns of the United States, the Court finds that giving Defendant a chance for further success is appropriate in this instance. As such, the motion (Doc. No. 52) is **GRANTED**. Defendant is ordered released no earlier than 9:00 A.M. on November 26, 2020, to Demay Fox. While on release, Defendant must abide by the below conditions:

(1) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by that Officer;

(2) Except upon prior approval from the Pretrial Services Officer, the defendant's travel is restricted to the Bismarck-Mandan area.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(5) Defendant shall not knowingly or intentionally have any directed or indirect contact with co-defendants except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

(6)   Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations. Defendant shall sign all releases of information requested by the Pretrial Services Officer so that his progress and participation in treatment may be monitored.

(7)   Defendant shall reside with Demay Fox and not change this residence without prior approval of the Pretrial Services Officer.

(8)   Defendant shall submit his/her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(9)   Defendant shall maintain or actively seek employment. Employment must be approved by the Pretrial Services Officer.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2020.

                                        */s/ Clare R. Hochhalter*
                                        Clare R. Hochhalter
                                        United States Magistrate Judge